### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| WILLIAM H. SHAUGHNESSY, | ) | Bankruptcy No. 06-42478-JBR |
| | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### EMERGENCY MOTION TO LIFT AUTOMATIC STAY
### TO PERMIT SALE OF REAL PROPERTY OR,
### ALTERNATIVELY, TO DISMISS PETITION AS FILED IN BAD FAITH

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), moves this Court, pursuant to 11 U.S.C. § 362(d) (hereinafter all statutory references are to the Bankruptcy Code unless otherwise stated) and Fed. R. Bankr. P. 4001, for an order to lift the automatic stay imposed by section 362(a)(7) to allow the Service to continue with a planned sale of the debtor's real property.

IN SUPPORT THEREOF the United States alleges:

1. On November 13, 2006, the debtor filed a Chapter 7 petition for relief. Although the debtor filed pro se, he is an attorney.

2. The Service is a creditor in this Chapter 7 proceeding.

3. The debtor is indebted to the Service for federal taxes in the approximate amount of $265,870.75 for the taxable years 1995, 1996, 1998, 1999, 2001, 2002, 2003 and 2004.

4.      The Service's tax claims are secured claims, pursuant to 11 U.S.C. § 506(a) because Notices of Federal Tax Lien were filed prior to the petition date and the debtor has equity in property to which the liens attached.

5.      The value of the debtor's major asset, his principal residence, was approximately $590,000.00 in 2002. The following are the known encumbrances on the property:

| Type of Encumbrance | Date Recorded | Amount of Encumbrance or Interest | Name of Party Holding Encumbrance |
|---|---|---|---|
| Mortgage | 10/28/1983 | $51,482.10 | Winchester Cooperative Bank |
| NFTL | 12/31/1999 | $19,282.81 | IRS |
| NFTL | 1/25/2002 | $150,277.23 | IRS |
| NFTL | 3/16/2004 | $53,776.38 | IRS |
| Attachment | 2/02/2005 | $134,081.60 | State Street Bank & Trust |
| NFTL | 6/23/2005 | $14,578.03 | IRS |
| Attachment | 1/9/2006 | $1,033.05 | Copy Cop |

6.      On May 16, 2005, the United States District Court for the District of Massachusetts entered an order, permitting the Service to levy upon the debtor's principal residence pursuant to 26 U.S.C. § 6334(e)(1). Attached is a copy of the order.

7.      On June 15, 2005, the debtor submitted an Offer in Compromise pursuant to 26 U.S.C. § 7122, causing the Service to delay the sale. On August 7, 2006, the Service rejected the debtor's Offer in Compromise.

8.      On June 19, 2006, the Court of Appeals for the First Circuit entered judgment, affirming the District Court's order. Attached is a hard copy of the judgment as entered on the First Circuit's docket sheet.

9. Since the Service's seizure of the debtor's property, the debtor has repeatedly tried to hinder and delay the Service's sale of the property.

10. The Service provided the debtor ample opportunity to attempt to resolve his tax liabilities. The debtor's bankruptcy petition is no more than a last-ditch effort by the debtor to delay the scheduled sale of his residence.

11. On or about October 17, 2006, the Service issued the Notice of Sale. The sale is scheduled for November 15, 2006. The Service already has secured a bid on the property and received a $100,000 deposit. Thus far, the Service has incurred approximately $2,700.00 in expenses, related to the seizure and sale of the property.

12. Section 362(d)(1) of the Bankruptcy Code allows a party in interest to obtain relief from the automatic stay "for cause." "The statute does not define 'cause'; but, generally speaking, 'cause' is said to exist when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor or the debtor's estate if the stay is lifted." Peerless Insurance Co. v. Rivera, 208 B.R. 313, 315 (D. R.I. 1997).

13. The Service will be harmed if the stay is not lifted to permit an administrative sale of the property seized.

14. Section 6335(d) of Title 26 requires that sales occur not less than 10 days, nor more than 40 days from the time of giving public notice. Although the Service may adjourn the sale, adjournments are limited to a new date not later than one month after the date of the original sale date. 26 U.S.C. § 6335(d)(2)(F).

15. If this Court does not immediately grant the Service's motion to lift the automatic stay to permit a sale in this case, the Service has no choice but to cancel the sale. If the Service does not cancel the sale, it may run afoul of § 6335(d)(2)(F) and Anderson v. United States, 44 F.3d 795 (9th Cir. 1995). Once the sale is cancelled, and the stay lifted, the Service must incur additional costs to re-notice the sale.

16. Moreover, because the debtor has claimed a homestead exemption on the property, thereby exempting whatever equity may be available to satisfy claims of unsecured creditors, the property will not be administered by the estate and is of no benefit to the estate. Therefore, the Service should be permitted to proceed with the sale.

17. Alternatively, the Service moves to dismiss the debtor's petition as being filed in bad faith.

18. This Court considers fourteen factors to test bad faith. See In re Thane Development Associates, 143 B.R. 310, 312 (Bankr. Ma. 1992). These are: (1) the debtor has few or no unsecured creditors; (2) there has been a previous bankruptcy petition by the debtor or a related entity; (3) the pre-petition conduct of the debtor has been improper; (4) the petition effectively allows the debtor to evade court orders; (5) there are few debts to non-moving creditors; (6) the petition was filed on the eve of foreclosure; (7) the foreclosed property is the sole or major asset of the debtor; (8) the debtor has no ongoing business or employees; (9) there is no possibility of reorganization; (10) the debtor's income is not sufficient to operate; (11) there was no possibility of reorganization; (12) reorganization essentially involves the resolution of a

two-party dispute; (13) a corporate debtor was formed and received title to its major assets immediately before the petition; and (14) the debtor filed solely to create the automatic stay. In re Village Green Realty Trust, 113 B.R. 105, 115-16 (Bankr. Ma. 1990).

19. A number of these factors are present here. The debtors' schedules list no unsecured creditors. The petition was filed on the eve of foreclosure. The property to be foreclosed is the sole asset of the debtor. The debtor filed solely to create the automatic stay.

20. Further evidence of bad faith is shown in the debtor's credit counseling certification. In that certification, the debtor certifies that he requested counseling but was unable to obtain the counseling within 5 days of such request and asks for a temporary waiver citing the scheduled foreclosure as exigent circumstances for such waiver. The debtor has known for more than a year that the Service was seeking to foreclose on his property and the Service issued the notice of sale almost a month ago. There is no justification for the debtor's failure to obtain the counseling prior to filing this bankruptcy.

WHEREFORE, in order to satisfy part of the debtor's outstanding liability to the Service in a manner which causes the least inconvenience to the parties, the United States respectfully moves that the automatic stay be lifted for the limited purpose of allowing the Service to sell the debtor's seized asset and permitting the Service to apply the proceeds of the sale against the debtor's outstanding liabilities.

                                      Respectfully submitted,

                                      UNITED STATES OF AMERICA
By its attorneys,
MICHAEL J. SULLIVAN
United States Attorney

Date: November 14, 2006        By:    /s/ Michael R. Fiore
MICHAEL R. FIORE (BBO 634487)
Special Assistant
United States Attorney
10 Causeway Street, Room 401
Boston, MA 02222-1061
Tel. No. (617) 565-7877
Fax No. (617) 565-7894

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM H. SHAUGHNESSY, )<br>)<br>Respondent. ) | Civil No. 05-10928-RCL |

ORDER APPROVING LEVY UPON PRINCIPAL RESIDENCE

This matter having come before the undersigned upon the Petition For Judicial Approval Of Levy Upon Principal Residence and the accompanying declaration and exhibits attached thereto, and the Court, after notice and a hearing, determines that a final judgment shall be entered in the above-captioned case as follows:

(1) That, pursuant to 26 U.S.C. § 6334(e)(1), the Court GRANTS the Petition For Judicial Approval Of Levy Upon Principal Residence;

(2) That the Internal Revenue Service may levy upon the taxpayer William H. Shaughnessy's interest in the property located at 14 Osgood Street, Andover, MA 01810, to satisfy the unpaid tax liabilities of William H. Shaughnessy for the taxable years ending on December 31, 1995, 1996, 1998, 1999, 2001, and 2002, which may be executed by any authorized officer of the Internal Revenue Service;

(3) That the requirements of all applicable laws and administrative procedures relevant to the tax levy have been met, that the liability is owed, and that no reasonable alternative for the collection of the taxpayer's debt exists; and,

(4) That the Clerk of the Court shall mail a copy of this ORDER to:

>Stephen J. Turanchik, Esquire
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>
>Barbara Healy Smith, Esquire
>Office of U.S. Attorney
>1 Courthouse Way, Suite 9200
>Boston, MA 02210
>
>William H. Shaughnessy
>14 Osgood Street
>Andover, MA 01810

IT IS SO DECREED, ORDERED, AND ADJUDGED:

Dated: 5/16/05

HON. REGINALD C. LINDSAY
U.S. DISTRICT JUDGE

[Home] [P.A.C.E.R.] [Opinions] [Lower Dkt] [Help]

# General Docket
## US Court of Appeals for the First Circuit

```
Court of Appeals Docket #: 05-1780                           Filed: 5/27/05
Nsuit: 1870  Tax Suits: Taxes
US v. Shaughnessy
Appeal from: U.S. District Court of MA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

    District: 0101-1 : 05-10928                    lead: 05-10928
    Ordering Judge: Reginald C. Lindsay
    court reporter: Debra M. Joyce, Court Reporter
    court reporter: Lee Marzilli, Court Reporter
    Date Filed: 12/30/04
    Date order/judgment: 5/17/05
    Date NOA filed: 5/20/05
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
    None
Current cases:
    None
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Docket as of August 10, 2006 11:51 pm              Page 1
```

---

```
05-1780    US v. Shaughnessy

UNITED STATES                    Jonathan S. Cohen
    Petitioner - Appellee        [COR NTC gvt]
                                 Department of Justice
                                 Tax Division
                                 P.O. Box 502
                                 Washington, DC 20044

                                 Henry J. Riordan
                                 FTS 202-514-5238
                                 202-307-1120
                                 [NTC gvt]
                                 Stephen Turanchik
                                 202-307-6542
                                 [NTC gvt]
                                 U.S. Department of Justice
                                 Tax Division
```

```
                              P.O. Box 55
                              Ben Franklin Station
                              Washington, DC 20044

                              Barbara Healy Smith
                              617-748-3263
                              [NTC gvt]
                              U.S. Attorney's Office
                              John Joseph Moakley Buidling
                              One Courthouse Way
                              Boston, MA 02210

                              Teresa T. Milton
                              FTS 202.514.8456
                              202.514.2947
                              [COR NTC gvt]
                              U.S. Dept of Justice
                              Tax Division, Appellate Section
                              P.O. Box 502
                              Washington, DC 20044

     v.

WILLIAM H. SHAUGHNESSY         William H. Shaughnessy
     Respondent - Appellant    [COR LD NTC pro]
                               14 Osgood Street
                               Andover, MA 01810

Docket as of August 10, 2006 11:51 pm             Page 2
```

---

```
05-1780   US v. Shaughnessy

UNITED STATES

          Petitioner - Appellee


     v.

WILLIAM H. SHAUGHNESSY

          Respondent - Appellant


Docket as of August 10, 2006 11:51 pm             Page 3
```

---

```
05-1780   US v. Shaughnessy

5/27/05        CIVIL CASE docketed. Opening forms sent.Notice of Appeal
               filed by Appellant William H. Shaughnessy. Appearance form
               due 6/10/05. [05-1780] (dani)

5/27/05        RECORD filed: 1 volume(s) consisting of docket entries
```

```
                    1-36.  No transcripts filed. (dani)

5/31/05             SUPPLEMENTAL RECORD consisting of docket entry 38 filed
                    (transcript). [998317-1] [05-1780] (dani)

5/31/05             Transcript of 3/16/05 Show cause hearing filed by court
                    reporter Lee Marzilli. [05-1780] (dani)

6/10/05             APPEARANCE filed by William H. Shaughnessy for Appellant
                    William H. Shaughnessy. [1003271-1] [05-1780] (dani)

6/10/05             DOCKETING STATEMENT filed by Appellant William H.
                    Shaughnessy. [05-1780] (dani)

6/10/05             PUBLIC NOTE: Appellant William Shaughnessy identitifed in a
                    letter to the clerk that he had ordered two transcipts, the
                    first has been received, but the other is still on order.
                    No particular identification of the dates was included in
                    the letter. [05-1780] (dani)

6/10/05             Transcript Report/Order Form filed by Appellant William H.
                    Shaughnessy. Transcript of 5/16/05 hearing already on
                    file.[05-1780]    [05-1780] (dani)

6/10/05             Transcript Report/Order Form filed by Appellant William H.
                    Shaughnessy. Transcript of 3/2/05 show cause ordered from
                    Court Reporter Debra M. Joyce. Transcript due 8/9/05. (dani)

6/13/05             ATTORNEY Teresa T. Milton for Appellee US added to case.
                    [05-1780] (laur)

6/13/05             APPEARANCE filed by Teresa T. Milton for Appellee US.
                    [1005268-1] [05-1780] (laur)

8/1/05              Certification of Filing Transcript of show cause hearing
                    3/2/05 filed by court reporter Debra M. Joyce. Court
                    Reporter certifies that transcript order is complete. (debb)

9/14/05             Court Reporter Transcript Notice issued. Transcript of Show
                    Cause Hearing, 3/2/05 due 9/28/05 for Debra M. Joyce. (mlyn)

9/20/05             SUPPLEMENTAL RECORD consisting of USDC transcript# 40
                    filed. [1038502-1] [1038502-1]   [05-1780] (mlyn)

9/20/05             Transcript of Show Cause Hearing, 3/2/05 filed by court
                    reporter Debra M. Joyce. [05-1780] (mlyn)

9/20/05             BRIEFING SCHEDULE. Appellant's Brief & Appendix due
                    10/31/05.  [05-1780] (mlyn)

Docket as of August 10, 2006 11:51 pm               Page 4


05-1780   US v. Shaughnessy

10/28/05            MOTION filed by Appellant William H. Shaughnessy to extend
                    time to file Appellant's brief until 11/10/05. Ext. Code:
```

```
                      ILL. Certificate of service dated 10/28/05. [05-1780] (mlyn)

10/28/05              APPENDIX filed by Appellant William H. Shaughnessy.
                      Copies: 5.  Volumes: 1. Delivered by hand. Certificate of
                      service date 10/28/05. [1053285-1]  [05-1780] (mlyn)

10/31/05              ORDER entered. Respondent-Appellant's motion to enlarge the
                      time for filing his opening brief to November 10, 2005, is
                      hereby granted.  [05-1780] (mlyn)

11/10/05              BRIEF filed by Appellant William H. Shaughnessy.   Length:
                      22 pgs,  Copies: 9, delivered by hand. Certificate of
                      service date 11/10/05. [1058006-1] Appellee brief due
                      12/12/05. [05-1780] (mlyn)

11/10/05              ELECTRONIC DOCUMENT Appellant's brief on disk filed by
                      William H. Shaughnessy. [05-1780] (mlyn)

12/5/05               MOTION filed by Appellee US to extend time to file
                      Appellee's brief until 12/12/05. Ext. Code: CNF.
                      Certificate of service dated 12/2/05. [05-1780] (mlyn)

12/5/05               AFFIDAVIT in support of motion to extend time to file
                      Appellee's brief [1065479-1] filed by Appellee US.
                      Certificate of service dated 12/2/05. [1065481-1] [05-1780]
                      (mlyn)

12/6/05               ORDER entered. Appellee's motion to enlarge the time for
                      filing its responsive brief to December 19, 2005, is hereby
                      granted.  [05-1780] (mlyn)

12/20/05              ATTORNEY Jonathan S. Cohen for Appellee US added to case.
                      [05-1780] (mlyn)

12/20/05              APPEARANCE filed by Jonathan S. Cohen for Appellee US.
                      [1071749-1] [05-1780] (mlyn)

12/20/05              BRIEF filed by Appellee US.   Length: 29 pgs,  Copies: 9,
                      delivered by mailed. Certificate of service date 12/19/05.
                      [1071750-1] Reply brief due 1/6/06. [05-1780] (mlyn)

12/20/05              ELECTRONIC DOCUMENT Appellee's brief on disk filed by US.
                      [05-1780] (mlyn)

1/13/06               Briefing Complete.  [05-1780] (mlyn)

Docket as of August 10, 2006 11:51 pm                      Page 5



05-1780  US v. Shaughnessy

1/17/06               Notice of Default and Intent to Dismiss Issued.  Unless
                      this court is provided with notice of paying the filing fee
                      to the Clerk of the District Court or filing a motion
                      seeking in forma pauperis status in the District Court in
                      accordance with Fed. R. App. P. 24 on or before fourteen
                      days of the date of this notice this appeal will be
```

|         |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
|---------|----|

| | dismissed for lack of prosecution. Fee due 1/31/06. (dona) |
|---|---|
| 2/10/06 | FINAL Notice of Default and Intent to Dismiss Issued. IFP in DB/Fee due 2/28/06. On May 27, 2005 and January 17, 2005, this court notified appellant to either pay the docketing fees of $255.00 to the Clerk of the District Court of Massachusetts or to file a compliant request for in forma pauperis. A review of the district court docket does not reflect the payment of the docketing fees or the filing of any motion nor has this court received any response in writing to the January 176, 2006 order. The appellant is in default. Appellant is directed to pay the docketing fees in the district court or to apply for in forma pauperis status in the district court and to respond to this court in writing on or before February 28, 2006 or this appeal will be dismissed for lack of prosecution pursuant to Local Rule 3. (dona) |
| 3/2/06 | FINAL Notice of Default and Intent to Dismiss Issued. Fee due 3/10/06. On January 17, 2006 and February 10, 2006, this court entered orders directing the appellant to either pay the docketing fees of $255.00 or to apply for in forma pauperis status before the district court. The appellant was directed to respond to this court in writing regarding the outstanding fee issue on or before February 28, 2006.<br>    To date, no written response has been received. The appellant is presently in default. The appellant is directed to either pay the docketing fees and supply this court with a copy of the receipt, or apply for in forma pauperis status before the district court on or before March 10, 2006, and to inform this court in writing. Failure to take action regarding the outstanding fee issue by March 10, 2006, may result in this appeal being dismissed for lack of prosecution pursuant to Local Rule 3. (dona) |
| 3/2/06 | LETTER filed by William Shaughnessy. "MOTION TO EXTEND TIME TO COMPLY WITH COURT ORDER OF 2/10/06." [05-1780] (mlyn) |
| 3/8/06 | FILING FEE PAID in the district court by Appellant William H. Shaughnessy on 3/8/06. [05-1780] (dona) |
| 3/8/06 | MOTION filed by Appellant William H. Shaughnessy requesting oral argument. No Certificate of service dated. [05-1780] (mlyn) |

Docket as of August 10, 2006 11:51 pm                    Page 6

---

05-1780   US v. Shaughnessy

| 3/9/06 | ORDER entered. Appellant's request for oral argument is noted. Oral argument will be scheduled in due course unless a panel determines that it is unnecessary pursuant to Fed. R. App. P. 34(a)(2). [05-1780] (mlyn) |
|---|---|
| 3/15/06 | CASE SUBMITTED 3/15/06. Torruella, Stahl, Lipez, JJ. |

[05-1780] (kris)

| | |
|---|---|
| 6/19/06 | JUDGMENT entered by Judge Juan R. Torruella, Senior Judge Norman H. Stahl, Judge Kermit V. Lipez. William H. Shaughnessy appeals the district court's grant of the government's Petition for Judicial Approval of Levy upon Principal Residence. The levy was sought due to Shaughnessy's undisputed failure to pay six years of income taxes and penalties to the Internal Revenue Service, totaling approximately $165,408. We review the district court's decision for abuse of discretion. See Olsen v. United States, 414 F.3d 144, 150 (1st Cir. 2005)(setting forth abuse of discretion standard in analogous situation). Upon thorough review of the record, we find that the district court did not abuse its discretion here. Though a principal residence is normally exempt from levy, 26 U.S.C. §6334(a)(13)(B)(I), a taxpayer's "principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence." 26 U.S.C. §6334(e)(1)(A). Shaughnessy argues that this lawsuit was based on a proposed regulation rather than on effective law. His contention is incorrect; neither the government's original petition nor the district court's order reflects anything other than the fact that this case was properly initiated and resolved under U.S.C. §6334(a)(13)(B)(I). Shaughnessy also unpersuasively argues that the district court denied him a hearing on his numerous untimely filed motions. However, the district court gave Shaughnessy ample time to set forth his answer and objections to the petition. Shaughnessy chose not to do so until after the district court clearly warned him his arguments would be waived. This was not an abuse of discretion. All of Shaughnessy's other arguments regarding the amount of tax liability in question and the procedures undertaken by the government in securing the levy either lack sufficient detail and substance or plainly lack merit. The district court's order granting the government's Petition for Judicial Approval of Levy upon Principal Residence is affirmed. This appeal is terminated. [1136663-1] [05-1780] (mlyn) |
| 8/10/06 | MANDATE ISSUED. [05-1780] (mlyn) |
| 8/10/06 | RECORD consisting of documents 1-36, 38, and 40 returned to originating court. (cris) |

Docket as of August 10, 2006 11:51 pm                                Page 7

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/30/2006 13:23:36 | | | |
| PACER Login: | ir1443 | Client Code: | |
| Description: | dkt report | Case Number: | 05-1780 |
| Billable Pages: | 7 | Cost: | 0.56 |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| WILLIAM H. SHAUGHNESSY, | ) | Bankruptcy No. 06-42478-JBR |
| | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

_____

**ORDER LIFTING AUTOMATIC STAY**
**FOR SALE OF REAL PROPERTY**
_____

This matter having come before the Court on the motion of the United States of America (on behalf of the Internal Revenue Service) for an order lifting the automatic stay, after notice to the debtor and a hearing by this Court, upon the papers submitted by the parties in interest, and the Court being otherwise fully informed of the premises,

IT IS HEREBY ORDERED that relief from the automatic stay is GRANTED for the limited purpose of allowing the Internal Revenue Service to sell the debtor's property located at 14 Osgood St., Andover, Massachusetts, and to apply the proceeds received thereby against the debtor's outstanding tax liabilities.

Dated: _____        _____
                                                            UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

SUFFOLK, ss.                                                                                      Boston, Massachusetts

      I, MICHAEL R. FIORE, Special Assistant United States Attorney, hereby certify that on <u>November 14, 2006</u>, I have served a copy of the within EMERGENCY MOTION TO LIFT AUTOMATIC STAY TO PERMIT SALE OF REAL PROPERTY OR, ALTERNATIVELY, TO DISMISS PETITION AS FILED IN BAD FAITH:

by electronic transmission to the list of attorneys who are currently on the list to receive e-mail notices for this case;

by delivery to William H. Shaughnessy at 14 Osgood St., Andover, MA 01810 and by facsimile to the debtor's power of attorney, David Bouman, at (843) 529-1595; and

by telephoning the Chapter 7 Trustee Anne J. White at (617) 443-1000.


Date: <u>November 14, 2006</u>                                      /s/ Michael R. Fiore
                                                                                      MICHAEL R. FIORE
                                                                                      Special Assistant
                                                                                      United States Attorney