UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re:

WILLIAM H. SHAUGHNESSY,
    Debtor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Chapter 7
Case No 06-42478-JBR

**ORDER ON MOTION OF THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, TO LIFT AUTOMATIC STAY TO PERMIT SALE OF REAL PROPERTY OR, ALTERNATIVELY TO DISMISS PETITION AS FILED IN BAD FAITH**

This matter came before the Court for an evidentiary hearing on Emergency Motion of the United States of America, Internal Revenue Service, to Lift Automatic Stay to Permit Sale of Real Property or, Alternatively to Dismiss Petition as Filed in Bad Faith [# 4] to which the Debtor filed an Opposition [#13] and the Chapter 7 Trustee filed a Response [# 11] that was a statement of no opposition. The IRS is seeking to foreclose on its lien against the Debtor's residence to satisfy the Debtor's outstanding tax liability of approximately $267,000. The Debtor claims a homestead of at least $500,000 in the property.[1] At the evidentiary hearing the IRS acknowledged that there is equity in the property, which, according to a 2002 appraisal was valued at $590,000, to satisfy its lien and a first mortgage of less than $50,000 that has priority over the IRS' lien. Indeed the IRS acknowledges that the Debtor has equity in the property.[2] The IRS, however, argues that it is entitled to relief from the automatic stay under 11 U.S.C.

---

[1] The Debtor claims that even as one individual, he is entitled to claim and stack homesteads under M.G.L. ch. 188, §§ 1 and 1A. The Court does not need to decide that claim in the current context.

[2] The debtor recently filed a motion to avoid a judicial lien of approximately $134,000.

§ 362(d)(1) for cause because there is no equity for unsecured creditors. Section 362(d)(1), however, simply speaks to the issue of whether there is "cause, including a lack of adequate protection." There is nothing in the language to suggest that lack of equity for unsecured creditors, without more, is sufficient cause. To accept the IRS's position would thwart the Debtor's fresh start. The IRS also argues that cause exists to terminate the automatic stay because the Chapter 7 Trustee does not object to relief from stay. In support of its position the IRS cites *In re Cohen*, 141 B.R. 1 (Bankr. D. Mass. 1992), in which the court granted relief. *Cohen*, however, is distinguishable. In that case the court accepted for the purposes of the motion that there was some equity for the *estate*. The court, after rejecting the debtors' objections,[3] noted the issue was really a question of who should liquidate the property. Thus, the court concluded that "where the property appears to be substantially, if not completely encumbered, the Court will not disturb the Trustee's judgment that the mortgage holder should be permitted to liquidate." *Id.* at 1. But even if the IRS were correct that *Cohen* stands for the broad proposition that where there is no equity for a debtor's unsecured creditors and the Chapter 7 Trustee does not object to relief,[4] the Court rejects such a conclusion. Not only is the result not required by the language of the Bankruptcy Code and would thwart the Debtor's right to a fresh start, the decision to grant relief is one

---

[3] The decision does not specify what the objections were but its statement that "the objections advanced by the Debtors have no merit in a Chapter 7 proceeding, the primary purpose of which is to liquidate the Debtors' assets" suggest that the debtors were arguing that they needed the property to reorganize.

[4] The Court would anticipate that where there is no equity for unsecured creditors, a Chapter 7 trustee would not expend time and resources to become embroiled in the dispute.

2

entrusted to the Court , not a Chapter 7 trustee.

No evidence of bad faith was proffered by the IRS.

The Motion [#4] is DENIED and the stay continues in effect.

Dated: December 11, 2006

/s/ Joel B. Rosenthal
Joel B. Rosenthal
United States Bankruptcy Judge